# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEMARCUS PURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 24 cv _____ |
| | ) | The Honorable Judge |
| BUSHMAN EQUIPMENT, INC., | ) | |
| HUNTER LIFT HOLDING, LTD., d/b/a | ) | |
| HUNTER LIFT, LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COMES the Defendant, BUSHMAN EQUIPMENT, INC., by and through its attorneys, MARZULLO & ASSOCIATES, and does hereby remove this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, based on Diversity Jurisdiction under 28 U.S.C. §§ 1132, 1441(a) and 1446(b), and in support thereof, states as follows:

1. On November 15, 2024, Plaintiff filed his Complaint at Law in the Circuit Court of Cook County against Bushman Equipment, Inc. and Hunter Lift Holding, Ltd. under general number 2024 L 012859. A copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff's lawsuit is premised upon a theory of strict products liability and negligent product liability claiming failure to warn arising from an alleged unreasonably dangerous condition of Ingot tongs which dropped a steel billet from a crane and fell onto Plaintiff's right leg. Plaintiff claims that the crane tongs did not have any warning labels indicating the potential risk of premature release or instructions on proper use to prevent such incidents.

1

3.  Plaintiff's Complaint alleges that both Bushman Equipment, Inc. and Hunter Lift Holding, Ltd. were corporations doing business in the State of Illinois, including Cook County.

4.  Bushman Equipment, Inc. filed its Appearance in the circuit court on December 18, 2024.

5.  The Plaintiff's ad damnum is in excess of the Circuit Court's Law Division limits. Although there is no specific amount pleaded, it is apparent that the "severe and debilitating injuries" to Plaintiff's leg, which led to its amputation, with medical expenses and lost wages will have an amount in controversy over $75,000.

6.  United States District Courts have diversity subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

7.  Neither defendant is a citizen of Illinois.

8.  Bushman Equipment, Inc. is a citizen of Wisconsin with its principal place of business located at W133 N4960 Campbell Dr, Menomonee Falls, WI 53051.

9.  Defendant Hunter Lift Holding, Ltd. is a citizen of Ohio and has not yet been served in this matter according to the Cook County Circuit Court Docket.

10. Plaintiff alleges that he is a citizen of Illinois. See Plaintiff's Complaint, par. 1.

11. This action is removable to this Court pursuant to 28 U.S.C. §1446(a) because this District Court embraces the location where the state court action is proceeding.

12. By Notice of this Removal, Defendant Bushman Equipment, Inc. does not waive any defense, jurisdictional or otherwise, which it may possess. Defendant does not concede the Plaintiff has valid claims against it and does not concede the value of the claim. Defendant does not concede this Court has personal jurisdiction over it.

13. Defendant has filed a copy of the original Notice of Removal with the Clerk of the Circuit Court of Illinois, Law Division, and provided notice to Plaintiff as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant BUSHMAN EQUIPMENT, INC. removes this cause to the United States District Court for the Northern District of Illinois, Eastern Division, for all further proceedings.

MARZULLO & ASSOCIATES

/s/ *Lisa J. Vedral*

By:_____
          Attorneys for Defendants

Lisa J. Vedral – ARDC # 6284185
MARZULLO  & ASSOCIATES
PO Box 64093
St. Paul, MN 55164-0093
(D) 312-458-6500
(F) 312-458-6578

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEMARCUS PURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 24 cv _____ |
| | ) | The Honorable Judge |
| BUSHMAN EQUIPMENT, INC., | ) | |
| HUNTER LIFT HOLDING, LTD., d/b/a | ) | |
| HUNTER LIFT, LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT ON BEHALF OF BUSHMAN EQUIPMENT, INC.

I, Timothy VanTornhout, General Manager of Bushman Equipment, Inc., being duly sworn on oath do hereby attest upon my personal knowledge and upon penalty of perjury that if I were called upon to testify, I would testify competently upon my personal knowledge to the following:

1) I am Timothy VanTornhout, the General Manager of Bushman Equipment, Inc. and have knowledge regarding Bushman Equipment, Inc.

2) Bushman Equipment, Inc. is a Wisconsin corporation.

3) Bushman Equipment Inc.'s principal place of business is in the State of Wisconsin.

4) Bushman Equipment, Inc.'s principal place of business is located in Menomonee, Wisconsin.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Signature

December 18, 2024

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard in Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

FILED
11/15/2024 11:47 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012859
Calendar, B
30222754

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

DEMARCUS PURHAM,                )
                                )
      Plaintiff,                )
v.                              )        No:2024L012859
                                )
BUSHMAN EQUIPMENT, INC,         )
HUNTER LIFT HOLDING, LTD., d/b/a )
HUNTER LIFT, LTD.,              )
                                )
      Defendants.                )

**COMPLAINT AT LAW**

NOW COMES Plaintiff, DEMARCUS PURHAM, by and through his attorneys, DUDLEY & LAKE, LLC., and complaining of Defendants, BUSHMAN EQUIPMENT, INC., (hereinafter BUSHMAN) and HUNTER LIFT HOLDING, LTD., d/b/a HUNTER LIFT LTD, (hereinafter HUNTER), states as follows:

**GENERAL ALLEGATIONS**

1.      On or about June 7, 2023, the Plaintiff was a resident of Cook County State of Illinois.

2.      At all times relevant, Plaintiff was employed at A. Finkl Steel and engaged in the operation of industrial equipment, including but not limited to cranes and tongs, at the company's facility located at 1355 E. 93rd Street, Chicago, Cook County, Illinois.

3.      On and before June 7, 2023, and at all times relevant, the Defendant, BUSHMAN, was a corporation doing business in the State of Illinois, including Cook County.

4.      On and before June 7, 2023, and at all times relevant, the Defendant, HUNTER, was a corporation doing business in the State of Illinois, including Cook County.

1

5.     On and before June 7, 2023, the BUSHMAN, was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing into the stream of commerce certain Ingot tongs.

6.     On and before June 7, 2023, the Defendant, BUSHMAN, designed, prepared, manufactured, maintained, advertised, distributed, supplied, sold and or placed in the stream of commerce a model A1003-M Ingot tong serial number 21139 to A Finkl Steel

7.     The tongs manufactured by BUSHMAN were designed, manufactured, advertised, and sold to clamp onto two sides of the steel billets to allow the billets to be lifted and moved throughout the facility.

8.     The tongs were intended to release the billets only when the billets were placed safely in their desired location.

9.     On or before June 7, 2023 the Defendant, HUNTER, was hired to come into A. Finkl Steel facility and inspect, repair and certify the BUSHMAN Ingot tongs located in the facility.

10.     On or about June 7, 2023, Plaintiff, while working at A. Finkl Steel, attempted to move a large steel billet with the "Forge 1" crane that utilized the tongs manufactured by the BUSHMAN.

11.     While operating the crane, the steel billet suddenly and unexpectedly fell from the tongs and crushed the Plaintiff's right leg, causing severe injuries and leading to amputation of Plaintiff's leg.

12.     On and before June 7, 2023, the Defendant, HUNTER, held themselves out as experts for inspecting, repairing, and certifying lifting equipment including but not limited to cranes and tongs.

2

13. When the aforementioned crane tongs were placed into the stream of commerce, and while being used at A. Finkl Steel, the Ingot tongs did not have any warning labels indicating the potential risk of premature release or instructions on proper use to prevent such incidents.

### COUNT I – BUSHMAN-Negligence - Products Liability - Failure to Warn

14. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 13 above as if fully set forth herein.

15. At all times relevant, Plaintiff was in the exercise of due care and caution for his safety and the safety of others.

16. At all times relevant, the Defendant, BUSHMAN, had a duty to provide adequate warnings and instructions regarding the potential dangers associated with the use of the Ingot tongs, including the risk of premature release of steel billets.

17. Notwithstanding said duty, Defendant, BUSCHMAN, by and through their agents and/or employees, was negligent in one or more of the following ways:

   a. Failed to provide adequate warning labels on the Ingot tongs

   b. Failed to warn users of the foreseeable dangers

   c. Failed to provide adequate instructions on the Ingot tongs

   d. Failed to provide maximum capacity labeling on the Ingot tongs.

   e. Failed to warn Plaintiff of a dangerous condition that existed with the tongs.

18. That as a direct and proximate cause of one or more of the aforementioned acts of negligence, Plaintiff sustained severe and debilitating injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, DEMARCUS PURHAM, prays for judgment against Defendant, BUSHMAN EQUIPMENT, INC, in an amount equal to his damages, but in any event, in excess of $50,000.00.

3

### COUNT II –BUSHMAN- Strict Products Liability - Failure to Warn

19.     Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendant is strictly liable to Plaintiff because the crane tongs were in an unreasonably dangerous condition when they were placed in the stream of commerce, for the following reasons:

      a.  Failed to provide adequate warning labels on the Ingot tongs

      b.  Failed to warn users of the foreseeable dangers

      c.  Failed to provide adequate instructions on the Ingot tongs

      d.  Failed to provide maximum capacity labeling on the Ingot tongs.

      e.  Failed to warn Plaintiff of a dangerous condition that existed with the tongs.

21.     One or more of the aforementioned defects was present when the tongs left Defendant's control and when the crane tongs were used in an intended and foreseeable manner by the Plaintiff.

22.     That as a direct and proximate cause of one or more of the aforementioned acts of negligence, Plaintiff sustained severe and debilitating injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, DEMARCUS PURHAM, prays for judgment against Defendant, BUSHMAN EQUIPMENT, INC, in an amount equal to his damages, but in any event, in excess of $50,000.00.

### COUNT III-HUNTER- NEGLIGENCE

23.     The Plaintiff realleges and incorporated by reference the allegations set forth in Paragraphs 1 through 22 above as fully set forth herein.

24.     At all times relevant, the Defendant, HUNTER, had a duty to maintain, repair, certify and make sure the Ingot tongs were safe for use by the workers at the A. Finkl Steel factory.

4

25.     On and before June 7, 2024, the Defendant, HUNTER, by and through their agents, breached that duty, and were negligent in the following ways:

   a. Negligently inspected the Ingot tongs and allowed the tongs to be used without proper warning labels;

   b. Failed to warn the workers that the tongs were not safe for use;

   c. Negligently certified the Ingo tongs for use;

   d. Negligently allowed the tongs to be used when the tongs did not have proper instructions on how to use the tongs;

   e. Negligently allowed the tongs to be used without the warning labels in place.

   f. Negligently repaired the Ingot tongs.

26.     That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Plaintiff suffered severe and debilitation injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, DEMARCUS PURHAM, prays for judgment against the Defendant, HUNTER LIFT HOLDING, LTD., d/b/a HUNTER LIFT, LTD, in an amount equal to his damages, but in any event in excess of $50,000.

                                        Respectfully submitted,

                                        /s/ *Kevin J. Golden*

Kevin J. Golden (ARDC 6210825)
Dudley & Lake LLC
20 N. Clark St., Ste. 720
Chicago, IL 60602
(312) 263-6300
Attorney No. 39678
Kgolden@dudleylake.com

5