**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVSION**

DEMARCUS PURHAM,          )
                                 )
          Plaintiff,      )
      v.                   )      No: 1:24 cv 13051
                                 )
BUSHMAN EQUIPMENT, INC, &    )
HUNTER LIFT, LTD.,         )
                                 )
         Defendants.    )

**DEFENDANT/CROSS-PLAINTIFF HUNTER LIFT, LTD'S MOTION TO COMPEL ADDITIONAL DEPOSITION OF PLAINTIFF, NAMES OF HIS TREATERS, AND FOR SUBPONEAS FOR HIS MEDICAL RECORDS AND TREATER DEPOSITIONS**

Defendant/Cross-Plaintiff, HUNTER LIFT LTD, ("Hunter"), by and through its attorneys, LINDSAY, PICKETT & POSTEL, LLC., and for its Motion to Compel Plaintiff for an additional deposition, provide treater information and subpoenas for treater documents and depositions, hereby states as follows:

1.      On January 19, 2026, the liability portion of Plaintiff's deposition was taken.

2.      On April 1, 2026, the Plaintiff's deposition proceeded as to the medical aspect of his case (the "medical deposition").

3.      Contained within the medical records provided by Plaintiff as part of his Rule 26 disclosure are references to, statements about, and diagnoses pertaining to a November 9, 2022 occurrence.  The alleged accident that is the subject of this lawsuit occurred approximately six months later (June 7, 2023).

4.      Immediately before the medical deposition, for the first time, Plaintiff's counsel advised that Plaintiff is not making a mental health claim for this accident.  Because of this, Plaintiff's counsel stated that Plaintiff would not be answering any questions pertaining to the

1

November 9, 2022 occurrence in any manner and claimed privilege under the Mental Health and Disability Act in Illinois. 740 ILCS 110/10, *et seq*.

5. It is Hunter's position that this November 9, 2022 occurrence – occurring just six months before the subject accident - is relevant as to Plaintiff's condition at the time of the occurrence.

6. Due to the sensitive nature of this motion, Hunter will not specifically address or state the specific issues, diagnoses, and other conditions in this motion, but will do so in any manner this Court believes is appropriate.

7. Hunter respectfully requests a hearing on this motion in a manner that this Court deems appropriate. If the Court requires review of the medical records for an in-camera inspection, Plaintiff's new position is that the records contain sensitive and privileged information, so Hunter requests Plaintiff to provide them to avoid any issues with the Illinois Mental Health and Developmental Disabilities Confidentiality Act.

8. Federal Rule of Civil Procedure 26(b)(1) provides that parties may discover any matter, not privileged, that is relevant to any claim or defense of any party. FED. R. CIV. P. 26(b)(1). In the present case, Plaintiff has waived any claim of privilege. Additionally and alternatively, his state of mind at the time of his hire by Third-party Defendant Finkl and time of the accident is unequivocally relevant. Each will be discussed in turn with the final section stating the requested relief.

## I. <u>Waiver.</u>

9. Rule 501 of the Federal Rules of Evidence governs the applicability of any privilege in federal court. FED. R. EVID. 501.

2

10. "The Senate Report accompanying the 1975 adoption of the Rules indicates that Rule 501 'should be understood as reflecting the view that the recognition of a privilege based on a confidential relationship ... should be determined on a case-by-case basis.'" *Jaffee v. Redmond,* 518 U.S. 1, 8, 116 S. Ct. 1923, 1927, 135 L. Ed. 2d 337 (1996)

11. The United States Supreme Court has emphasized that it is a "fundamental maxim" that the public has a "right to every man's evidence." *Jaffe v. Redmond*, 518 U.S. 1, 9 (1996).

12. "The federal common law psychotherapist-patient privilege prevents disclosure of confidential communications between a licensed psychotherapist or social worker and a patient in the course of diagnosis or treatment." *Coleman v. City of Chicago*, No. 1:17-CV-08696, 2019 WL 7049918, at *1 (N.D. Ill. Dec. 23, 2019) (citing *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).

13. "Like other testimonial privileges, the holder may waive the psychotherapist-patient privilege. *Id.* at 15 n.14. *Coleman v. City of Chicago*, No. 1:17-CV-08696, 2019 WL 7049918, at *1 (N.D. Ill. Dec. 23, 2019).

14. To determine when a waiver has occurred, "Courts following *Jaffee* have devised three approaches to determine when a patient has waived psychotherapist-patient privilege: (1) a broad application of waiver; (2) a narrow application; and (3) a middle ground. *See generally Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 513 (N.D. Ill. 2018)." *Coleman v. City of Chicago,* No. 1:17-CV-08696, 2019 WL 7049918, at *1 (N.D. Ill. Dec. 23, 2019).

15. "Under the broad approach, a patient waives psychotherapist-patient privilege by merely seeking damages for emotional distress." (citations omitted) *Id.*

16. Despite the representations made by Plaintiff's Counsel at the medical deposition, three weeks later (4/22/26) Plaintiff amended his Rule 206a disclosures which state exactly the

3

opposite of what was represented to all counsel - Plaintiff is claiming emotional damages in the amounts of $10,000,000 (past) and $20,000,000 (future). See Exhibit 1. Just like the plaintiff in *Coleman*, Plaintiff has waived his privilege under the broad approach.

17.     With the narrow application, a patient waives the privilege only when she affirmatively relies on her communications with the psychotherapist or calls the therapist as a witness. (citations omitted) *Id.* Plaintiff here provided all counsel medical records which state the November 9, 2022 occurrence as well as diagnoses made from that occurrence. Such action constitutes a waiver under the narrow application. *Id.* at *2 (N.D. Ill. Dec. 23, 2019) ("In response to Defendants' written discovery requests, Coleman has produced records pertaining to mental health treatment he received from a non-profit treatment center."). At no time did Plaintiff attempt to redact any medical record. Further, unless Plaintiff is not calling his treaters as witnesses, Plaintiff has waived the privilege by calling his doctors and treaters as they took and received statements about the prior accident and used that information to determine Plaintiff's care and treatment plan.

18.     Regarding the 'middle ground' approach,

> "a waiver does not occur when the patient is only seeking "garden variety" damages. Although there is no single definition for "garden variety" damages, at least one court in this Circuit has defined "garden variety" damages as meaning: "the 'negative emotions that [plaintiff] experienced essentially as the intrinsic result of the defendant's alleged conduct,' but not the 'resulting symptoms or conditions that she might have suffered.'" *Id.* (citing *Flowers v. Owens*, 274 F.R.D. 218, 225 (N.D. Ill. 2011) (quoting *Santelli v. Electro–Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999)).

19.     "Put another way, if Plaintiff was really seeking minimum emotional damages without support from a treater, he probably would not have already produced privileged,

4

psychotherapy records showing his diminished mental state." *Coleman v. City of Chicago*, No. 1:17-CV-08696, 2019 WL 7049918, at *2 (N.D. Ill. Dec. 23, 2019).

20. Here, analogous to *Coleman*, Plaintiff has already produced some records stating his diagnosis and has waived any claim of privilege.

21. Plaintiff has waived any privilege under each approach.

**II.     Information is Relevant, Probative, Admissible, Not Obtainable Elsewhere, Not Unduly Prejudicial and Should be Provided Even if There is No Waiver**

22. Even if the Court finds there was no waiver and did not introduce his mental health condition under 740 ILCS 110/10(a)(1) of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, the Illinois Supreme Court has held mental health documents are discoverable in the "interests of justice" as the Court "tip[s] the balance in favor of disclosure and truth…. where plaintiff seeks to utilize those protections [of the Mental Health Act] as a sword rather than a shield to prevent disclosure of relevant, probative, admissible, and not unduly prejudicial evidence that has the potential to fully negate the claim plaintiff asserted against defendants and absolve them of liability." *D.C. v. S.A.,* 178 Ill. 2d 551, 570, 687 N.E.2d 1032, 1041 (1997).

23. In making that determination, the Illinois Supreme Court held that "Supreme Court Rule 201(b)(1) authorizes broad discovery "regarding any matter relevant to the subject matter involved in the pending action." *D.C. v. S.A.,* 178 Ill. 2d 551, 561, 687 N.E.2d 1032, 1037 (1997) (citing 134 Ill.2d R. 201(b)(1)).

24. "Traditionally, the trial court is accorded great latitude in determining the scope of discovery, as discovery presupposes a range of relevance and materiality which includes not only what is admissible at trial, but also that which leads to what is admissible at trial." *Id*.

25.     In *D.C. v. S.A.,* the Court required mental health records be disclosed to defendants because "fundamental fairness commands that the privilege yield." *Id*. at 1040–41 (citing *Cf. Galante v. Steel City National Bank,* 66 Ill.App.3d 476, 482, 23 Ill.Dec. 421, 384 N.E.2d 57 (1978) ('[i]t would unjust" to allow plaintiffs to prosecute their action against defendants and, at the same time, refuse to answer questions, under a claim of the fifth amendment privilege, the answers to which "may substantially aid defendants or even establish a complete defense'").  The Court stated:

> "In this case, the information plaintiff seeks to protect potentially contradicts his assertion that defendants were negligent and caused the accident. The information has the potential to completely absolve defendants from any liability. Too, the information meets the criteria for disclosure under section 10(a)(1). Certainly, the information is relevant as it pertains to plaintiff's conduct and actions at the time of the accident. The information is probative as well because it appears to provide a possible explanation of how the accident occurred. Further, the information does not appear to be unduly prejudicial, as it does not concern plaintiff's psychiatric treatment or progress, but refers only to his purported conduct at the time of the accident and various assessments by plaintiff's treaters of those purported events."
> *Id*. at 1041.

26.     "Given that the information here may be entirely decisive of defendants' liability, that it is relevant, probative, admissible, not obtainable elsewhere, not unduly prejudicial, and the interests favoring disclosure outweigh protection of the therapist-recipient relationship, we hold that the trial court did not err in ordering that the information be disclosed." *Id*. at 1041.

27.     For all these reasons state above, Defendants should be entitled to obtain the records and depose the Plaintiff on his mental health condition immediately before and at the time of the claimed accident.  As to the specifics of the diagnoses and impact on the alleged occurrence, this can and will be discussed at the appropriate hearing as determined by the Court.

**III.     Plaintiff's Deposition, Names of Treaters and Documents Must Be Provided, and Subpoenas for Treaters Must Be Permitted**

28.     In addition to Plaintiff's deposition regarding this issue, pursuant to Section 10 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/10 (1992)), Hunter moves this Court for the entry of an Order authorizing the issuance of a Subpoena for the Records and/or for the Depositions of the Practitioners (hereafter "Practitioners") who have evaluated, treated, and/or counseled Plaintiff or, in the alternative, a date certain to serve the instant motion on the providers and for a Court Order requiring the production of all medical records.  The names and locations of the providers are unknown; request is additionally made to compel Plaintiff to provide said information within 14 days as it was not provided in his discovery answers.

29.     Section 10 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/10(d) (2015)) provides:

> [N]o party to any proceeding ... nor his or her attorneys, shall serve a subpoena seeking to obtain access to records or communications under this Act unless the subpoena is accompanied by a written order by a judge . . . authorizing the disclosure of the records or the issuance of the subpoena. No such written order shall be issued without written notice of the motion to the recipient and the treatment provider. Prior to issuance of the order, each party or other person entitled to notice shall be permitted an opportunity to be heard pursuant to subsection (b) of this Section. In the absence of the written consent under Section 5 of this Act of the person whose records are being sought, no person shall comply with a subpoena for records or communications under this Act, unless the subpoena is accompanied by a written order authorizing the issuance of the subpoena or the disclosure of the records. Each subpoena issued by a court or administrative agency or served on any person pursuant to this subsection (d) shall include the following language: "No person shall comply with a subpoena for mental health records or communications pursuant to Section 10 of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/10, unless the subpoena is accompanied by a written order that authorizes the issuance of the subpoena and the disclosure of records or communications or by the written consent under Section 5 of that Act of the person whose records are being sought."

30.     The records, communications, notes and testimony of the doctors/practitioners are

relevant and material to this matter, and there is good cause for the Court to find that these records are discoverable.

31.     Practitioners and his/her/their records may be covered by the Illinois Mental Health and Developmental Disabilities Confidentiality Act and HIPAA (e.g., 45 C.F.R. 160.103); accordingly, an order authorizing the issuance of a subpoena for deposition and access to the patient's records is required before Petitioner may further adequately prepare.

32.     To the extent that a protective order is required, Hunter additionally requests that a protective order be entered.

WHEREFORE, Defendant, HUNTER LIFT, LTD, respectfully requests that this Court enter an Order requiring Plaintiff attend an additional deposition and answer questions on the prior occurrence and issues pertaining to that matter, require Plaintiff advise of all treaters from that occurrence, authorize the issuance of a subpoena for the deposition and records of any Practitioners and permit access to the confidential records of the patient, pursuant to Section 10 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, HIPAA, and to grant Defendants such further relief as this Court deems necessary and proper.

LINDSAY, PICKETT & POSTEL, LLC

By:     /s/ *Steven A. Schuetz*
Steven Schuetz, One of the Attorneys for
Defendant, Hunter Lift, Ltd.

Howard T. Trafman
Steven A. Schuetz
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison Street, Suite 3850
Chicago, IL 60606
htrafman@lpplawfirm.com
312-734-8974
sschuetz@lpplawfirm.com
312-786-5472
*Attorney for Defendant, Hunter Lift, Ltd.*